## Case No. 10,594.

OSBORN v. MICHIGAN AIR LINE R. CO. et al.

[2 Flip. 503; 25 Int. Rev. Rec. 250; 8 Reporter, 296; 11 Chi. Leg. News, 367; 4 Cin. Law Bul. 553.] [1]

Circuit Court, E. D. Michigan. Aug., 1879.

JURISDICTION — BILL TO IMPEACH FOR FRAUD — AVERMENTS NECESSARY—WHEN PARTY HAVING AN INTEREST MAY INTERVENE.

1. In a proper case a decree may be impeached collaterally in another court; but where a bill is brought to set aside and declare void a decree rendered in this court, whether on the ground of fraud or otherwise, this court being the one in which the decree was rendered, is the

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 4 Cin. Law Bul. 553, contains only a partial report.]

only tribunal which can properly take cognizance of such a bill.

2. It has been frequently ruled in the courts of the United States that a person. having an interest though not a party to the suit. may intervene to assert his rights without reference to the citizenship of the parties.

3. Where a court has jurisdiction of a suit brought to impeach a former decree for fraud, if the decree has been carried into execution, the party complaining of the former decree may be put into the situation in which he would have been if the decree had not been executed.

[This was a bill in equity by Rufus Osborn against the Michigan Air Line Railroad Company and others to set aside a decree alleged to have been secured by fraud in a suit brought to foreclose a mortgage against the railroad. Heard on demurrer.]

Alfred Russell, for complainant.
Meddaugh & Pond, for defendants.

WITHEY, District Judge. Complainant was a stockholder in the Michigan Air Line Railroad in 1873, when suit was commenced in this court to foreclose a mortgage made by that corporation to secure bonded indebtedness. Scammon, a trustee. was plaintiff, and the corporation and others defendants. The railroad corporation. by its directors, appeared and answered. and proofs were taken. At the hearing, in January, 1875, a decree was entered against the company for $265,000, and for a sale of its road. The sale took place in June of last year, defendant Young being the purchaser at $25,000. In November following, the road was reorganized by Young and his associates, under the name of the Michigan Air Line Railway Company, with a capital of $300,000.

The bill now before the court was filed in October, 1877, by the complainant in his own behalf, and of all other stockholders who might come in under his bill, for the purpose of impeaching the decree for fraud and collusion on the part of plaintiff and officers of the defendant railroad company in that suit. The particular fraud is stated to be a fraudulent agreement, signed and introduced at the hearing, admitting the indebtedness which was decreed. The prayer is that the decree be declared fraudulent and void, and that the sale be set aside. Other matters are stated in the bill not necessary to refer to, except that it is stated, as an excuse for delay in bringing this bill, that complainant was ignorant of the foreclosure suit, and did not discover the fraud until after the decree had been executed, from which time he had been diligent, etc. It should further be said that the bill alleges notice of the alleged fraud to the purchaser under the foreclosure sale, to those who are connected with him in the new corporation. and to the corporation itself. It also appears by the bill that complainant is a citizen of Michigan, and that both the defendant corporations named in the suit are Michigan corporations. and were citizens of the same state as complainant.

Demurrers were interposed, under which several questions have been presented for consideration. The most important is jurisdictional, growing out of the citizenship of the parties referred to. The fact that complainant and necessary defendants are citizens of the same state will defeat jurisdiction in this court in any case depending upon the terms of the act of congress defining the original jurisdiction of the circuit courts of the United States. In other words, if this is purely an original bill. then jurisdiction exists only when the plaintiff and necessary defendants are citizens of different states. Again, if this is purely a bill of review, there is no jurisdiction, inasmuch as more than two years elapsed after the decree was rendered before this bill was filed; and for this reason all matters that point to errors in the decree are improperly presented by this bill.

I entertain the opinion that the question whether this bill can be entertained is not dependent upon the citizenship of the parties; and, also, that this is neither purely an original bill. nor a bill purely of review. It is believed to partake of the nature of an original bill, having for its object the review of the proceedings in the original cause, in order to ascertain whether the decree therein should be impeached for fraud alleged to have been practiced by the parties in obtaining it. Story, Eq. Pl. § 426. If no other court can entertain a bill or suit, brought for the purpose of impeaching such decree for fraud, then this bill is necessarily brought here, and may, therefore, be said to be the outgrowth of the original suit—an incident of it—from jurisdiction over which flows the jurisdiction to entertain this bill, without reference to the citizenship of the parties.

It is not doubted that in a proper case the decree sought to be impeached by this bill could be impeached collaterally for fraud in another court; but it is believed that no other tribunal can properly take jurisdiction of a suit brought for the purpose of declaring such decree void, whether for fraud or otherwise. The circuit courts of the United States, and the courts of the state, are essentially, as to each other, foreign forums. Neither can entertain a suit brought for the purpose of declaring fraudulent and void a judgment or decree of the other, precisely as neither can entertain a suit brought for the purpose of declaring fraudulent and void a judgment or decree of the court of king's bench of England. The judgment in Amory v. Amory [Case No. 333] is not believed to conflict with the views expressed.

It has been frequently ruled in the courts of the United States, as was shown by cases cited upon argument, that a person having an interest, though not a party to the suit, may intervene to assert his rights, without reference to the citizenship of the parties. Freeman v. Howe, 24 How. [65 U. S.] 460; Buck v. Colbath, 3 Wall. [70 U. S.] 345; Jones v. Andrews, 10 Wall. [77 U. S.] 333; Christ-

mas v. Russell, 14 Wall. [81 U. S.] 82; [Kearney v. Denn] 15 Wall. [82 U. S.] 195; French v. Hay, 22 Wall. [89 U. S.] 252; Campbell v. Railroad Co. [Case No. 2,366]. See, also, Forbes v. Railroad Co. [Id. 4,926].

But it was claimed that when the decree has been executed, no such auxiliary or incidental proceedings can be held. It does not appear to me that there should be any such limitation. No cases are found supporting that view; indeed, no case like the present has been found or cited.

Certain it is, where a court has jurisdiction of a suit brought to impeach a former decree for fraud, if the decree has been carried into execution, the party complaining of the former decree may be put into the situation in which he would have been if the decree had not been executed. 6 Mitf. & T. Eq. Pl. p. 186; Adams, Eq. (Am. Ed.) 832; Story, Eq. Pl. § 426.

What the effect would be if the purchaser at the sale in execution of such decree had no knowledge of the fraud, there is no occasion to decide, in view of the averment of this bill that there was notice. See Shelton v. Tiffin, 6 How. [47 U. S.] 183–186, as to when a purchaser is protected.

Without further discussion, the objection taken on the ground of want of jurisdiction is overruled. The question is not clear from doubt. but this is my judgment.

In conclusion, the bill is regarded in other respects substantially defective in making a case for relief. It is not only singularly vague and uncertain in its statements, but lacks essential averments to make a case for the relief prayed. These defects were pointed out by counsel for defendants, and will not now be repeated. I have thought possibly complainant might obviate all the objections to which his bill is obnoxious by amendments, and for that reason have indicated that upon a proper bill the court would entertain jurisdiction. The demurrers are sustained for the reason stated. Leave, however, is given to complainant to amend his bill within thirty days, if he shall be advised that a case for relief can be presented. Costs are to the respective demurrants, including the usual solicitor's fees to each.